IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John Nerry Mendez, *by and through Aristides Mendez, as Next Friend*,<br><br>                    Plaintiff,<br><br>v.<br><br>United States of America; John Doe, *Ice Agent*; Linda Valentine, *Group Supervisor*; Thomas Decker, *Field Office Director*,<br><br>                    Defendants. | Case No. 0:25-cv-4900-SAL<br><br><br><br>**ORDER** |

Plaintiff John Nerry Mendez, proceeding through Next Friend Aristides Mendez, brings this action seeking damages for his alleged wrongful removal from the United States. *See* ECF No. 1. Plaintiff asserts multiple causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, 1346(b), as well as constitutional claims pursuant to *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) against Defendants United States of America, John Doe, Linda Valentina, and Thomas Decker. *See id.* Defendants move to dismiss the complaint, contending that this court lacks subject matter jurisdiction over Plaintiff's complaint and, in the alternative, that his claims are barred by the applicable statute of limitations. *See* ECF No. 31.

This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), recommending Defendants' motion be granted. [ECF No. 48.] The Report explains Plaintiff has failed to demonstrate the court has subject matter jurisdiction, and, even if it did, his claims are barred by the applicable statute of limitations. *See id.* Attached to the Report was a notice advising Plaintiff of the procedure and requirements for

filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 11. Plaintiff, who is represented by counsel, filed no objections, and the time for doing so has expired.

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 48, and incorporates it by reference herein. As a result, Defendants' motion to dismiss, ECF No. 31, is **GRANTED.** This case is dismissed without prejudice.

**IT IS SO ORDERED.**

April 20, 2026                                          Sherri A. Lydon
Columbia, South Carolina                      United States District Judge